# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATEO HERNANDEZ DELUNA,

    *Plaintiff,*

vs.

WARDEN VARE, *et al.*,

    *Defendants*.

2:09-cv-01228-JCM-PAL

ORDER

This *pro se* civil rights suit by a prisoner in state custody comes before the court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972)(per curiam).

In the complaint, plaintiff Mateo Hernandez Deluna alleges that he was denied due process of law in violation of the Fourteenth Amendment when he was found guilty and sanctioned in a prison disciplinary hearing. He alleges that he was found guilty of being the "shot caller" in a gang attempted murder at Lovelock Correctional Center ("Lovelock"). Plaintiff "challenges the finding of guilt and imposed sanctions stemming from the disciplinary hearing as a violation of his civil rights."[1] He alleges that the various sanctions "and loss of good time credits are all things done to petitioner that have violated his rights."[2] He further alleged that he also recently was denied parole as a result of the disciplinary conviction.[3]

Plaintiff challenges the finding of guilt and the sanctions imposed based upon allegations that "[t]here was no physical evidence, *i.e.*, kites, photos, tattoos, taped conversations, prior disciplinary problems, or gang profiles to support the allegations that he was the leader of a gang;"[4] that there were "several omissions in the notice [of charges] . . . which prohibited [him] from marshaling the facts and preparing his defense;"[5] that he was not supplied an interpreter or someone to help prepare a defense;[6] that he was not provided a correction counselor to perform investigatory tasks;[7] and that "prison officials conspired and continue to conspire to deprive him of monies, freedom, and prison job opportunities."[8]

Plaintiff additionally alleges that he was subjected to an excessive fine in violation of the Eighth Amendment when he was ordered to pay a $20,000 share of $100,000 in medical

---

[1] #1-1, at electronic docketing 5, lines 4-7.

[2] *Id.*, at electronic docketing page 16, at lines 21-24. See also *id.*, at 9, lines 20-23, & 17, at line 27.

[3] *Id.*, at electronic docketing pages 4-5 & 16.

[4] *Id.*, at electronic docketing page 3.

[5] *Id.*, at electronic docketing pages 7-8.

[6] *Id.*, at electronic docketing page 8 & 10.

[7] *Id.*, at electronic docketing page 8.

[8] *Id.*, at electronic docketing page 16, lines 11-14.

expenses allegedly sustained by the victim. Plaintiff asserts, *inter alia*, that – despite the victim allegedly being near death and sustaining $100,000 in medical expenses – plaintiff saw the victim in the exercise yard the day following the attack.

Plaintiff's due process claim challenging the prison disciplinary decision is not cognizable under section 1983. A claim that necessarily implies the invalidity of a disciplinary hearing and resulting sanctions, such as loss of good time credits, that affect the duration of confinement is not cognizable under section 1983, regardless of whether the complaint seeks injunctive relief or instead only damages, unless the disciplinary proceeding first has been overturned in a habeas action or similar proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In *Edwards*, the supreme court specifically rejected, as "incorrect," the proposition that a claim challenging only the procedures employed in a disciplinary hearing rather than the result was cognizable under section 1983. 520 U.S. at 645-46, 117 S.Ct. at 1587-88. If the challenge to the procedures used necessarily implies the invalidity of the deprivation of good time credits, the claim is not cognizable under section 1983 as opposed to in a habeas proceeding. *Id.* Such a claim is not cognizable under section 1983 even if habeas corpus has become unavailable due to the inmate's failure to timely pursue such relief. *Guerrero v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006); *Cunningham v. Gates*, 312 F.3d 1148, 1154 n.3 (9th Cir. 2002).

The due process claim in the complaint therefore fails to state a claim upon which relief may be granted. Out of an abundance of caution, plaintiff will be given an opportunity to seek to plead a cognizable claim in an amended complaint.

On plaintiff's Eighth Amendment claim, the allegations that plaintiff was ordered to pay a restitution amount that was grossly disproportionate to the harm in fact allegedly sustained by the victim appears to state a claim for relief. *Cf. United States v. Dubose*, 146 F.3d 1141, 1145-46 (9th Cir. 1998).

Plaintiff names as defendants, both in their individual and official capacities, three correctional officials from Lovelock: current Warden Vare, Chief Investigator Donald Hansell, and then-Warden Farwell.

1      Plaintiff may pursue official capacity claims against the defendants to the extent that
2 he seeks injunctive relief. He otherwise may not pursue official capacity claims against the
3 defendants for monetary damages. *Inter alia*, claims for monetary damages from the
4 individual defendants in their official capacity are barred by state sovereign immunity under
5 the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989);
6 *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002).

7      With regard to the individual capacity claims, a supervisory official may not be held
8 liable under section 1983 in his individual capacity based solely upon his supervisory
9 responsibility. He may be held liable only if he was personally involved in the constitutional
10 deprivation or a sufficient causal connection existed between his unlawful conduct and the
11 violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

12      The complaint does not allege any personal involvement by defendant Vare over and
13 above his supervisory responsibility as current warden of the prison, subsequent to the events
14 in question. The individual capacity claim against defendant Vare therefore will be dismissed
15 for failure to state a claim.

16      The complaint further does not allege any personal involvement by defendant Hansell
17 on the Eighth Amendment claim that remains before the court. The individual capacity claim
18 against Hansell therefore will be dismissed for failure to state a claim, subject to plaintiff
19 stating a due process claim with adequate allegations of Hansell's personal involvement.

20      Moreover, Cami Perino is included as a defendant in the caption, but Perino is not
21 included in the list of defendants in the complaint. Plaintiff both must include a defendant in
22 the caption as well as list the defendant in the complaint to properly name the defendant.

23      IT THEREFORE IS ORDERED that the clerk shall file the complaint and that the
24 following claims are DISMISSED without prejudice for failure to state a claim: (a) the due
25 process claim challenging the prison disciplinary hearing; (b) all official capacity claims for
26 monetary damages; (c) the individual capacity claim against defendant Vare; (d) the individual
27 capacity claim against defendant Hansell; and (e) any and all claims against Cami Perino as
28 a defendant. The Eighth Amendment claim, the individual capacity claim against defendant

1  Farwell, and official capacity claims for injunctive relief based upon the Eighth Amendment
2  claim remain before the court.[9]
3      IT FURTHER IS ORDERED that plaintiff shall have thirty (30) days within which to mail
4  for filing an amended complaint seeking to present a cognizable due process claim and
5  individual capacity claims against defendants Vare and Hansell as well as to properly name
6  and present claims against Cami Perino.  If he fails to file an amended petition and/or fails to
7  state viable claims therein, the matter then will proceed to service only on the Eighth
8  Amendment claim challenging the restitution order, if such a claim is presented on the
9  pleadings at that time.
10     IT FURTHER IS ORDERED that plaintiff further shall clearly title the amended
11 complaint as an amended complaint by placing the word "AMENDED" immediately above
12 "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-
13 01228-JCM-PAL, above the word "AMENDED" in the space for "Case No." Under Local Rule
14 LR 15-1 any amended complaint filed must be complete in itself without reference to prior
15 filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not
16 carried forward in the amended complaint no longer will be before the court.
17     The clerk of court shall provide plaintiff with two copies of a blank section 1983
18 complaint form along with a copy of the complaint that he submitted.
19     IT FURTHER IS ORDERED that any challenge by defendants to the sufficiency of the
20 allegations of a claim as to which service is directed in this matter must be made by a motion
21 to dismiss or other motion under Rule 12.
22     DATED:   June 15, 2010.

_____
JAMES C. MAHAN
United States District Judge

---

[9] The Court expresses no opinion as to whether the remaining claims are subject to affirmative defenses such as failure to exhaust administrative remedies or untimeliness.