# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATEO HERNANDEZ DELUNA,

    *Plaintiff,*

vs.

WARDEN VARE*, et al.*

    *Defendants.*

2:09-cv-01228-JCM-PAL

ORDER

    This *pro se* prisoner civil rights action by a state inmate comes before the court for initial review of the amended complaint (#10) under 28 U.S.C. § 1915A.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the

elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.* Allegations of a *pro se* litigant are held to less stringent standards than are formal pleadings by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the amended complaint, plaintiff Mateo Hernandez Deluna presents claims arising out of a disciplinary conviction at Lovelock Correctional Center for his alleged involvement in a gang-related attack on other inmates. In count I, he alleges that he was denied due process of law because, *inter alia*, the disciplinary conviction allegedly was not supported by sufficient evidence to satisfy the "some evidence" standard. In count II, he alleges that he was subjected to an excessive fine in violation of the Eighth Amendment when he was ordered to pay $23,000 for his share of the victims' medical expenses despite the victims allegedly not being actually injured. He seeks monetary damages together with declaratory and injunctive relief. He has named four Lovelock officials or officers in their individual and official capacities as well as the State of Nevada.

Plaintiff's claims against the State of Nevada are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a state or an arm of a state regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Therefore, plaintiff may not seek injunctive relief directly from the state as a defendant. State sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time during the judicial proceedings either by the parties or by the court *sua sponte*. *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). Therefore, all claims asserted against the state must be dismissed.

The court construes the official capacity claims as extending only to the claims for declaratory and equitable relief. The prior order clearly states that plaintiff may not seek monetary damages from the defendant state officers in their official capacity. See #6, at 4.

Count I, as presented in the amended complaint, states a due process claim. Even if the court were to assume, *arguendo*, that the allegations did not tend to establish the

deprivation of a protected liberty interest, the allegation that plaintiff was ordered to pay $23,000 in restitution as a result of the disciplinary conviction alleges the deprivation of a property interest. The alleged deprivation of either a protected liberty interest or a property interest may provide the required threshold predicate for a procedural due process claim.

Count II states an Eighth Amendment claim for an excessive fine but not for cruel and unusual punishment. As noted in the prior screening order, the allegations that plaintiff was ordered to pay a restitution amount that was grossly disproportionate to the harm in fact allegedly sustained by the victim appears to state a claim for relief under the Eighth Amendment. *Cf. United States v. Dubose*, 146 F.3d 1141, 1145-46 (9th Cir. 1998). Nothing in the amended complaint supports a claim for cruel and unusual punishment, however. That aspect of the claim will be dismissed.

While the court is directing service of the amended complaint for a response, it does so with the following caveats.

First, if, as was instead alleged in the original complaint, plaintiff in truth was denied good time or other sentencing credits as a consequence of the disciplinary conviction, then his due process claim is not cognizable under section 1983 rather than in habeas. See #6, at 3. The court has given plaintiff the benefit of the doubt as to his not carrying forward allegations in this regard in the amended complaint. But if the true state of affairs is that plaintiff lost good time or other statutory credit as a result of the disciplinary conviction, the claim will be dismissed forthwith as noncognizable under section 1983.

Second, as stated in the prior screening order, the court expresses no opinion as to whether the claims are subject to affirmative defenses such as untimeliness[1] or failure to exhaust administrative remedies.

Third, the court has wholly disregarded plaintiff's allegations relying upon alleged violations of departmental administrative regulations or policy as a basis for a due process or other federal violation. It is well-established law that an alleged violation of a state law, in

---

[1] *Cf. Knox v. Davis*, 260 F.3d 1009, 1012-15 (9th Cir. 2001)(limitations on continuing violation theory).

and of itself, does not give rise to a denial of due process. *See,e.g., Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011); *Sandin v. Conner*, 515 U.S. 472, 477-84, 115 S.Ct. 2293, 2297-2300, 132 L.Ed.2d 418 (1995). The sole threshold predicate for a due process claim relied upon herein is the deprivation of a property interest by virtue of the restitution order, not the alleged violation of any state administrative regulation or policy.

IT THEREFORE IS ORDERED that the following claims are DISMISSED without prejudice: (a) all claims against the State of Nevada; and (b) any claim for cruel and unusual punishment under the Eighth Amendment but leaving plaintiff's excessive fine claim under the Eighth Amendment before the court.

IT FURTHER IS ORDERED that the clerk shall add Attorney General Catherine Cortez Masto as counsel for defendants and shall make informal electronic service of this order, the pleadings and the prior screening order -- via attachments of ## 6, 7 and 10 – upon defendants via a notice of electronic filing, directed to the attention of Pamela Sharp.

IT FURTHER IS ORDERED that the Attorney General shall advise the court within twenty-one (21) days from the date that this order is entered whether she can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General cannot accept service, the Attorney General shall file, under seal, the last known address(es) of those defendant(s). Any defendants for whom service is accepted shall file an answer or otherwise respond to the amended complaint within thirty (30) days of the date of the notice of acceptance of service.

IT FURTHER IS ORDERED that, if service cannot be accepted by the Attorney General for a named defendant, then plaintiff must file a motion requesting the issuance of a summons and specifying a full name and address for the defendant. Service must be completed within one hundred twenty (120) days from the Attorney General's service of a statement that she will not be able to accept service for the defendant.

IT FURTHER IS ORDERED that, henceforth, plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall

1  include with the original paper submitted for filing a certificate stating the date that a true and
2  correct copy of the document was mailed to the defendants or counsel for defendants.  If
3  counsel has entered a notice of appearance, plaintiff shall direct service to the individual
4  attorney named in the notice of appearance, at the address stated therein.  The court may
5  disregard any paper received by a district judge or magistrate judge which has not been filed
6  with the clerk, and any paper received by a district judge, magistrate judge or the clerk which
7  fails to include a certificate showing proper service.

        The clerk shall send an additional copy of the amended complaint to plaintiff with this order.

DATED:   May 9, 2011.

_____
JAMES C. MAHAN
United States District Judge