# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATEO HERNANDEZ DELUNA,

    *Plaintiff*,

vs.

WARDEN VARE*, et al.*

    *Defendants*.

2:09-cv-01228-JCM-PAL

ORDER

    Presently before the court is defendant Lenard Vare's motion for summary judgment. (Doc. #23). *Pro se* plaintiff Mateo H. Deluna failed to file an opposition.

    This 42 U.S.C. § 1983 case arises out of disciplinary charges filed against plaintiff on July 19, 2004. Plaintiff was provided a copy of the notice of charges on July 26, 2004, and plaintiff attended a disciplinary hearing on these charges on August 6, 2004. Plaintiff was found guilty of the charges, and disciplinary sanctions were imposed as a result. Plaintiff filed an administrative appeal of the guilty findings, which was denied on September 9, 2004.

    On July 8, 2009, plaintiff filed his first application for leave to proceed in forma pauperis. (Doc. #1). The court denied plaintiff's original application to proceed in forma pauperis because the application did not conform to 28 U.S.C. § 1915(a)(2) and Local Rule 1-2. (Doc. #2). Plaintiff filed an amended application (doc. #3), which the court granted (doc. #4). The court then issued a screening order ordering the clerk to file the complaint, dismissing various claims for failure to state a claim, and granting plaintiff leave to file an amended complaint. (Doc. #6). The clerk filed the complaint on June 15, 2010. (Doc. #7). Plaintiff filed a signed amended complaint on January 3, 2011. (Doc. #10).

On May 9, 2011, the court dismissed several claims in plaintiff's amended complaint for failure to state a claim upon which relief can be granted. (Doc. #12). The order stated that "the court expresses no opinion as to whether the claims are subject to affirmative defenses such as untimeliness . . . ." (Doc. #12).

**Legal Standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. 317, 324; FED. R. CIV. P. 56(c).

Pursuant to Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, the court will not automatically grant every unopposed motion. As the Ninth Circuit stated in *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003), a district court cannot grant a motion for summary judgment merely based on the fact that the opposing party failed to file an opposition. The court in *Martinez* held that the failure to oppose the motion does "not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Id.*

**Discussion**

"The applicable statute of limitations for 42 U.S.C. § 1983 claims is the limitations period for personal injury claims." *Chachas v. City of Ely, Nev.*, 615 F. Supp. 2d 1193, 1202 (D. Nev. 2009) (citing *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989)). Thus, the statute of limitations for claims brought pursuant to § 1983 in Nevada is two years. *Id.*; NRS 11.190(4). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (internal quotations omitted).

Here, defendant argues that plaintiff's claims are barred by the statute of limitations even if the court uses the earliest possible filing date. (Doc. #23). Plaintiff filed his first application to proceed in forma pauperis on June 8, 2009. (Doc. #1). Therefore, applying the two-year statute of limitations, plaintiff "would have had to know, or have had reason to know, of the injury which is the basis for this action no later than July 8, 2007." (Doc. #23). Defendant further argues that plaintiff had knowledge of his claimed injuries on August 6, 2004, when he was found guilty of the disciplinary charges and suffered disciplinary sanctions. (Doc. #23). Accordingly, plaintiff filed his motion to proceed in forma pauperis approximately 2 years and 11 months after the statute of limitations had expired. (Doc. #23).

Defendant has met the burden of informing the court of the basis for the motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp*, 477 U.S. at 323. Plaintiff knew or should have known of the alleged injury underlying this action after his August 6, 2004, disciplinary hearing. Nevertheless, plaintiff did not initiate any court proceedings on these claims until June 8, 2009. (Doc. #1). This is well-outside of the applicable two-year statute of limitations. *Chachas*, 615 F. Supp. 2d at 1202; NRS 11.190(4).

Plaintiff has failed to respond or oppose this motion. Therefore, he has failed to demonstrate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 at 324; FED. R. CIV. P. 56(c); *see also* Local Rule 7-2(d).

. . .

. . .

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Lenard Vare's motion for summary judgment (doc. #23) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall close the above-captioned case and enter final judgment accordingly.

DATED May 18, 2012.

_____
JAMES C. MAHAN
United States District Judge

-4-